# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| NATRAN REZENE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00759 |
| | § | Judge Mazzant |
| HARIBO OF AMERICA, INC. AND | § | |
| MICHAEL BEST & FRIEDRICH LLP, | § | |
| | § | |
| *Defendants.* | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the Court are three Motions: (1) Defendant Haribo of America, Inc.'s Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #37); (2) Defendant Haribo of America, Inc.'s Amended Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #38); and (3) Defendant Michael Best & Friedrich LLP's 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #39) (collectively, the "Motions"). Having considered the Motions, the relevant pleadings, and the applicable law, the Court finds as follows:

1.  Defendant Haribo of America, Inc.'s Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #37) should be **DENIED as moot**.

2.  Defendant Haribo of America, Inc.'s Amended Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #38) should be **GRANTED in part** and **DENIED in part**.

3.  Defendant Michael Best & Friedrich LLP's 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #39) should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case concerns workplace discrimination, police questioning, and a missing SUV. Plaintiff Natran Rezene brings this action against Defendant Haribo of America, Inc. ("Haribo") and Defendant Michael Best & Friedrich LLP ("Michael Best"), alleging five causes of action

against Haribo exclusively: (1) discrimination based on race and sex under both Title VII and Texas Labor Code § 21.051 (Dkt. #32 at ¶¶ 123–30); (2) discrimination based on disability under the Americans with Disabilities Act (Dkt. #32 at ¶¶ 131–37); (3) racial discrimination under 42 U.S.C. § 1981 (Dkt. #32 at ¶¶ 138–45); (4) hostile work environment harassment (Dkt. #32 at ¶¶ 146–53); and (5) retaliation under Title VII and Texas Labor Code § 21.055 (Dkt. #32 at ¶¶ 154–59).[1] In addition to these five causes of action, Plaintiff also alleges three claims (the "tort claims") against both Defendants: (1) discrimination and defamation per se (Dkt. #32 at ¶¶ 160–66); (2) intentional infliction of emotional distress (Dkt. #32 at ¶¶ 167–70); and (3) malicious prosecution (Dkt. #32 at ¶¶ 171–74). Defendants now seek to dismiss the three tort claims.

## I.    Factual Background

Defendant Haribo employed Plaintiff as Head of Sales Development on July 19, 2021 (Dkt. #32 at ¶ 42). As Head of Sales Development at Haribo, Plaintiff received multiple items of company equipment and benefits (collectively, the "Company Property"), including an Apple iPhone 12, a Dell Latitude 7400 laptop, an LG twenty-nine-inch monitor, a Dell C1422H fourteen-inch portable monitor, and a Mercedes-Benz GLB 250 (Dkt. #39-1 at pp. 1–2). After Plaintiff allegedly endured multiple discriminatory acts over the course of almost two years, Haribo terminated her employment on May 12, 2023 (*See* Dkt. #32 at ¶ 112). Shortly thereafter, Haribo

---

[1] Plaintiff's Second Amended Complaint makes no mention of Defendant Michael Best in Counts I–V (Dkt. #32 at ¶¶ 123–59). Instead, it makes exclusive, detailed, and repeated reference to Defendant Haribo throughout its description of those specific causes of action (Dkt. #32 at ¶¶ 123–59). Further, in Plaintiff's Omnibus Response to Defendant's Motion to Dismiss Second Amended Complaint, Plaintiff makes no effort to either counter or address Michael Best's open assertion that "[t]he only claims alleged against Michael Best in [Plaintiff's] Amended Complaint are her tort claims" (Dkt. #39 at p. 4). Thus, this order clearly distinguishes between the claims brought by Plaintiff against each Defendant.

contacted its outside legal counsel, Michael Best, for assistance in retrieving the Company Property from Plaintiff (*See* Dkt. #32 at ¶ 113).

Despite Michael Best's best efforts to return the Company Property, it was initially unable to make any substantial progress (Dkt. #39-2 at p. 2). Ultimately, Michael Best turned to law enforcement to facilitate the return of Haribo's equipment and contacted Plaintiff's local police station (*See* Dkt. #39-2 at p. 2). At the recommendation of local Texas law enforcement, Michael Best filed an official police report with a police station in Rosemont, Illinois, as that city represented the "location where the employer [was] located" (Dkt. #39-2 at p. 2). That report documented Michael Best's interactions with both police departments and its belief that Plaintiff "stole" the Company Property (Dkt. #39-2 at p. 2). Two police officers then approached Plaintiff at her home to discuss the reported theft, in view of Plaintiff's eight-year-old daughter (Dkt. #32 at ¶ 117).

## II.    Procedural Background

Plaintiff filed a charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC") on or around November 7, 2023 (Dkt. #32 at ¶ 120). The EEOC notified Plaintiff of her right to sue on May 23, 2024 (Dkt. #32 at ¶ 121). Plaintiff filed her initial Complaint against Defendants on August 21, 2024 (Dkt. # 1). After a year of litigation, Plaintiff filed her Second Amended Complaint against Defendants on May 16, 2025 (Dkt. #32). Defendants moved to dismiss the tort claims outlined in Plaintiff's Second Amended Complaint on July 18 and 21, 2025 (Dkt. #37; Dkt. #38; Dkt. #39). Plaintiff filed her Omnibus Response to Defendants' Motions to Dismiss Second Amended Complaint on August 4, 2025 (Dkt. #41). Finally, Defendants filed their replies in support of their motions to dismiss on August 8, 2025 (Dkt. #42; Dkt. #43). The matter has become ripe for adjudication.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and

disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine

if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts

to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or

elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This

evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Because the Court finds that Plaintiff's Second Amended Complaint states plausible claims

for relief regarding discrimination and defamation per se and intentional infliction of emotional

distress, the Court now addresses Plaintiff's malicious prosecution claim in detail. Texas has long

recognized two kinds of "malicious prosecution" claims: malicious civil prosecution, and malicious

criminal prosecution. *Bear Bros. & Hirsch v. Marx & Kempner*, 63 Tex. 298, 300 (1885); *Graber v.

Fuqua*, 279 S.W.3d 608, 610 (Tex. 2009). Plaintiff's Second Amended Complaint makes no effort

to distinguish between the two causes of action, and all parties continue to address the claim as one

for malicious criminal prosecution (Dkt. #32 at ¶¶ 171–74; Dkt. #41 at pp. 3–4; Dkt. #38 at pp. 6–

9; Dkt. # 39 at pp. 6–8). As a result, the Court will address Plaintiff's claim solely as one for

malicious criminal prosecution. Plaintiff argues that she has stated a valid claim for relief regarding

malicious criminal prosecution under Texas law (Dkt. #41 at pp. 3–4). Defendants argue that

Plaintiff's brief interaction with the police, without more, does not constitute the commencement

of a criminal "prosecution" necessary to bring the claim (Dkt. #38 at pp. 6–9; Dkt. #39 at pp. 6–8). Defendants' argument takes the day.

## I.    The Rosemont Police Report

As an initial matter, the Court will consider the Rosemont Police Report (the "Report") in its ruling on the 12(b)(6) motions to dismiss. In *Lone Star Fund*, the Fifth Circuit recognized that district courts may consider "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund*, 594 F.3d at 387. The Report satisfies each of these three requirements and is therefore properly considered with a Rule 12(b)(6) motion to dismiss. The document is (1) attached to the relevant motions to dismiss; (2) referenced in the Second Amended Complaint; and (3) central to Plaintiff's tort claims. First, the Report is attached as an exhibit to two of the three motions put forward by Defendants (Dkt. #38-1; Dkt. #39-1).[2] Second, Plaintiff makes explicit reference to the Report in her Second Amended Complaint, quoting directly from the document itself: "[Plaintiff] stole the company's property described above (the company's vehicle, laptop, monitors, and phone) from . . . [Defendant]" (*Compare* Dkt. #32 at ¶ 115, *with* Dkt. #39-1 at p. 2). Finally, the Report is "central to the plaintiff's claim" because each of the tort claims rely upon the filing of the document in some manner (*See* Dkt. #32 ¶¶ 160–74). As a result, the Court will consider the Report throughout the following analysis.

## II.    Malicious Prosecution Claim

Plaintiff has not raised sufficient facts, accepted as true, to establish a valid malicious criminal prosecution claim under Texas law. There are seven elements of a malicious criminal

---

[2]  The only discernable difference between Defendant Haribo's Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #37) and its Amended Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #38) is the addition of exhibits, including the Rosemont Police Report.

prosecution claim: "(1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff." *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). At issue in this case is the first element, or whether a Defendant's filing of a police report that results in Plaintiff's questioning by the police constitutes "the commencement of a criminal prosecution against the plaintiff." *Id.* The Court finds that it does not.[3] Rather, "at a minimum, it appears that a criminal prosecution does not commence until a person is arrested or a warrant for his arrest (or some other form of process) is issued." *Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 815 (Tex. App.—Austin 2017), *aff'd*, 611 S.W.3d 1 (Tex. 2020) (finding that a defendant's filing of a police report that resulted in "police advising [plaintiff] to consult with the prosecutor" did not establish the commencement of a criminal prosecution). Further, because "Texas courts typically follow the Restatement in delineating the scope of the tort of malicious prosecution," the Restatement (Second) of Torts is especially useful here. *Rhodes v. Prince*, 273 F. App'x 328, 329–30 (5th Cir. 2008). Under the Restatement, "[c]riminal proceedings are instituted when (a) process is issued for the purpose of bringing the person accused of a criminal offense before an official or tribunal . . . or (b) without the issuance of process an indictment is returned or an information filed against him; or (c) he is lawfully arrested on a criminal charge." RESTATEMENT (SECOND) OF TORTS § 654(2)(a)–(c) (1977).

---

[3] The Court's prior rulings remain consistent with this opinion. In *Shaikh v. Allen City Council*, No. 4:21-CV-953-ALM-KPJ, 2023 WL 2518908, at *16 (E.D. Tex. Feb. 8, 2023), *R & R adopted*, No. 4:21-CV-953-ALM-KPJ, 2023 WL 2503542, (E.D. Tex. Mar. 13, 2023) this Court adopted the opinion that a 12(b)(6) motion to dismiss should be granted because a plaintiff's receipt of a formal criminal trespass warning by police was not enough to satisfy the "commencement of a criminal prosecution" requirement of a malicious criminal prosecution claim. *Id.*

Turning to the case at hand, the relevant pleadings contain no facts indicating that Plaintiff was brought before an official or tribunal tasked with determining her guilt or that she was the victim of a lawful arrest. From the face of the Plaintiff's Second Amended Complaint, Plaintiff has not pointed to any form of process beyond the Defendants' filing of a police report and the resulting police questioning as a basis for the institution or "commencement" of a "criminal prosecution against [her]" (*See* Dkt. #32 ¶¶ 171–74). Instead, the Second Amended Complaint substitutes factual allegations with conclusory statements, offering a single sentence, that "the prosecution against Plaintiff was terminated . . . ." to provide additional support to her malicious prosecution claim (Dkt. #32 ¶ 173). Fair application of the *Iqbal* two-part test, wherein conclusory statements are ignored in favor of the Plaintiff's well-pleaded factual allegations, leaves this Court with only one conclusion: that Plaintiff has not offered sufficient facts to allow her claim for malicious criminal prosecution to survive a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 664.

In the face of insufficient factual allegations, Plaintiff relies upon dicta from the Texas Supreme Court, citing to *Browning-Ferris Industries, Inc. v. Lieck* and using the court's statement that "[a] person *initiates* a criminal prosecution if he makes a formal charge to law enforcement authorities" to support the notion that the filing of a formal charge alone might satisfy the "commencement of a criminal prosecution" element (Dkt. #41 at p. 4). 881 S.W.2d 288, 292 (Tex. 1994) (emphasis added). This argument erroneously conflates the first and second elements of a malicious criminal prosecution claim. While the first element of the claim asks whether "the commencement of a criminal prosecution" has occurred at all, it is the second element alone that demands proof of "causation (*initiation* or *procurement*) of the action by the defendant . . . ." *Richey*, 952 S.W.2d at 517 (emphasis added). The court in *Browning-Ferris* was concerned with defining the

causation requirement found in the second element, expressly noting that "the jury should be asked, not whether the defendant 'caused' criminal proceedings, but whether he either 'initiated' or 'procured' them . . . ." *Browning-Ferris*, 881 S.W.2d at 293. In this case, although the filing of a police report may have hypothetically "initiated" or "procured" the "commencement of a criminal prosecution" against Plaintiff, there are no non-conclusory factual allegations put forth by Plaintiff to suggest that a criminal prosecution was ever actually commenced. As a result, Plaintiff's reliance on *Browning-Ferris* is misplaced, and her malicious criminal prosecution claim must be dismissed.

## III.   The Remaining Claims

After reviewing the relevant pleadings and the arguments contained in the briefing, the Court finds that Plaintiff has stated plausible claims for relief for the purposes of defeating a Rule 12(b)(6) motion on her remaining tort claims.

## CONCLUSION

It is therefore **ORDERED** that Defendant Haribo of America, Inc.'s Amended Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #38) and Defendant Michael Best & Friedrich LLP's 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #39) are hereby **GRANTED in part** and **DENIED in part**.

Additionally, it is **ORDERED** that Defendant Haribo of America, Inc.'s Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #37) is **DENIED as moot**.

It is further **ORDERED** that Plaintiff's malicious prosecution claim is **DISMISSED**.

It is further **ORDERED** that, if Plaintiff believes she has additional facts to support her malicious prosecution claim, Plaintiff be granted leave to file a further amended complaint no later than fourteen (14) days from the date of this Order.

**IT IS SO ORDERED.**

**SIGNED this 8th day of October, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE